## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

JOHN P.BOYD,

    Plaintiff,

v.

MAHROUQ ENTERPRISES
INTERNATIONAL (MEI), INC.,

    Defendant.

Case No. 3:21-cv-01317

## COMPLAINT

**NOW COMES** JOHN P.BOYD, through his undersigned counsel, complaining of MAHROUQ ENTERPRISES INTERNATIONAL (MEI), INC., as follows:

## NATURE OF THE ACTION

1.    This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    JOHN P.BOYD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Arlington, Texas.

1

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8.      MAHROUQ ENTERPRISES INTERNATIONAL (MEI), INC. ("Defendant") is a corporation organized and existing under the laws of Texas.

9.      Defendant maintains its corporate headquarters in Arlington, Texas.

10.     Defendant conducts business in the State of Texas and is registered with the Texas Secretary of State.

11.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3784.

14.     At all times relevant, Plaintiff's number ending in 3784 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16.     Plaintiff applied for and was issued an auto loan from Defendant on June 4, 2018 ("subject loan").

17.     Due to an unanticipated financial hardship, Plaintiff fell behind on payments on the subject loan ("subject debt") in or around September 2019.

18.     The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

19.     Since September 2019, the subject debt fell into default on numerous occasions, with Plaintiff curing the default on most occasions.

20.     Beginning in September 2019, Defendant started placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

21.     On several occasions, Defendant would even call Plaintiff on the date the payment of the subject debt was due.

22.     Upon answering Defendant's collection calls, Plaintiff was required to say "hello" numerous times before experiencing a significant pause and being connected to a live representative.

23.     On multiple occasions between September 2019 and the present, Plaintiff answered Defendant's collection calls and requested that Defendant cease its collection calls as he would be making a payment on the subject debt as soon as he could.

24.     Despite Plaintiff's multiple requests that the calls cease, Defendant has continued its barrage of collection calls, including calls from the phone number (682) 305-1964 and (817) 510-4695.

25.     Despite Plaintiff's first request that the calls cease in September 2019, Plaintiff has received at least two calls per day from Defendant (from September 2019 through the present) after a missed payment.

26.     Since September 2019, Plaintiff has received no less than 40 non-emergency calls from Defendant.

27.     During the last year, Plaintiff answered Defendant's collection calls on multiple occasions, and during each answered call, again requested that Defendant's collection calls cease.

28.     It total, Defendant placed no less than 40 collection calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease in September 2019.

29.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

30.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

31.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32.     Concerned with Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its collection calls.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited,

4

automated calls." Parchman v. SLM Corp., 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

35.     Defendant placed or caused to be placed no less than forty (40) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

36.     As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

37.     Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

38.     Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

39.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff .

40.     As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, requests the following relief:

A.      an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B.      an award  of $500.00 in damages to Plaintiff for each such violation;

C.      an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

D.      an award of such other relief as this Court deems just and proper.

**COUNT II**
**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)**

5

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.
>
> Tex. Fin. Code Ann. § 392.302(4).

43.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

44.     Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject loan.

45.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403, which provides:

(a)     A person may sue for:

> (1)     injunctive relief to prevent or restrain a violation of this chapter; and
>
> (2)     actual damages sustained as a result of a violation of this chapter.

(b)     A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.    an order enjoining Defendant from placing phone calls to Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.    an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.    an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.    an award of such other relief as this Court deems just and proper.

Date: June 8th, 2021                                        Respectfully Submitted,

                                                            **JOHN P. BOYD**

                                                            By: /s/ *Victor T. Metroff*

                                                            Victor T. Metroff, Esq.
                                                            Mohammed O Badwan, Esq.
                                                            *Counsel for Plaintiff*
                                                            Sulaiman Law Group, Ltd
                                                            2500 S Highland Ave, Suite 200
                                                            Lombard, IL 60148
                                                            Telephone: (630) 575-8181
                                                            mbadwan@sulaimanlaw.com
                                                            vmetroff@sulaimanlaw.com

7